In the Matter of the Application of LEOPOLD NEUBERT, JR., etc., Petitioner, for a Peremptory Order of Mandamus against GEORGE F. BUTLER, Treasurer of the Village of Sea Cliff, N. Y., Respondent.

Supreme Court, Nassau County, February 8, 1933.

*Charles T. McCarthy*, for the petitioner.

*Frederick B. Frimel*, for the respondent.

BONYNGE, J.   The petitioner is a member of the police force of the village of Sea Cliff, and receives a weekly salary of $37.50.   On August 4, 1931, the petitioner contracted in writing to purchase a Janssen radio player piano for $595, payable in monthly installments.   This contract is a formidable printed document, quite beyond the ken of the average rural guardian of the peace.   By its terms Neubert assigns to the vendor " all salary, wages, claims for salary or wages, earned or to be earned, and all claims due or to become due to me from my employer, his heirs or assigns," and also like salary and wages " to become due to me from any future employer, his heirs or assigns."   The moving papers leave one to speculate as to the method by which the handmaidens of mass production and installment selling seduced the petitioner, or inoculated him with the delusion that a radio player piano was better suited to his station in life than a harmonica or a zither.

Due possibly to some lack of harmony between the jazz emitted by the radio department of the instrument and the mechanical Chopin ground out by its music rolls, the contrivance failed to work and Neubert defaulted in his monthly payments, disclaiming any further liability.   Thereupon the vendor presented its contract to the chief of police of the village, and the latter, purporting to act under section 86-a of the General Municipal Law, approved the assignment.   Out of an abundance of charity, but without legal right, the chief attempted to shield his subordinate by directing the treasurer of the village to retain ten per centum of Neubert's weekly wage.   It is to compel the payment of the amount so withheld that the present proceeding is brought.

Section 86-a provides that " no assignment of, * * * the whole or any part of his salary or earnings by an officer or employee of any municipal corporation, or subdivision thereof, unless approved in writing by the head of the department, board, body or office in

which such officer or employee is employed, shall in any way operate to prevent the payment of such salary or earnings directly to such officer or employee."

The basic question to be decided here is whether the village of Sea Cliff will be better served by a policeman with a radio player piano than by one fortified by the meat and drink essential to such a calling. As the answer to this question seems obvious, it will serve no purpose to labor the argument.

The decision of this application will be placed upon the ground that, under the provisions of section 86-a of the General Municipal Law, the chief of police was bound to approve the alleged assignment in its full rigor or not at all. He could not dismember or rewrite it, even to spare a member of his own force. Were it necessary to a decision, the court would find no difficulty in holding that section 86-a, to the extent that it attempts to clothe a ministerial officer with judicial powers or to deprive a municipal employee of his day in court, is unconstitutional.

Application for peremptory mandamus order granted, with fifty dollars costs.